LaSALLE CARTAGE COMPANY, INC., Relator,

v.

Myron R. McCOLL, and Department of Economic Security, Respondents.

LaSALLE CARTAGE COMPANY, INC., Relator,

v.

Jon W. NYSTROM, and Department of Economic Security, Respondents.

Nos. C9–84–1883, CO–84–1884.

Court of Appeals of Minnesota.

March 12, 1985.

Ralph T. Keyes, St. Paul, for LaSalle Cartage Co., Inc.

Myron R. McColl, pro se.

Jon W. Nystrom, pro se.

Hubert H. Humphrey, III, Atty. Gen., Regina M. Chu, Sp. Asst. Atty. Gen., St. Paul, for Department of Economic Security.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and CRIPPEN, JJ.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

The facts are outlined in our opinion in *LaSalle Cartage Co., Inc. v. Hampton,* 362 N.W.2d 337 (Minn.Ct.App.1985). The claimants, Myron R. McColl and Jon W. Nystrom were employed as truck drivers by relator LaSalle Cartage Co., Inc., until April 8, 1983, were members of the Teamsters Union, and drove for LaSalle's house

account with Emery Air Freight. When LaSalle relinquished the contract with Emery, these claimants, along with Hampton and 19 other drivers, were laid off. Because McColl and Nystrom were at the top of LaSalle's seniority list, they returned to work at LaSalle on May 3, 1983.

LaSalle appeals from Department of Economic Security determinations that these claimants were not disqualified from the receipt of unemployment compensation benefits. The Commissioner found no evidence of any specific offer of reemployment by LaSalle between April 11, 1983 and May 3, 1983. In the appeals, LaSalle argued (1) the collective bargaining agreement between LaSalle and the union provided for seniority rights and "bumping" of less senior employees, and (2) the agreement constituted a "constructive offer of reemployment." We affirm.

## DECISION

1. We dealt with this issue in detail in *LaSalle Cartage Co., Inc. v. Hampton* and decide this consolidated appeal in accordance with our opinion in *Hampton.* Because there was no evidence in the record as to an offer of reemployment to these claimants from April 11, 1983 to their return to work on May 3, 1983, the claimants are not denied benefits for that period under the provisions of Minn.Stat. § 268.09, subd. 2. Whether the collective bargaining agreement constituted a "continuing opportunity for employment" is a separation issue appropriately before the department in an independent proceeding.

2. As in *Hampton,* LaSalle argues the procedure of the department in consolidating some issues, refusing to consolidate others, and refusing to issue certain subpoenas violated LaSalle's right to due process of law. In accordance with our opinion in *Hampton,* we affirm the Commissioner on these issues.

Affirmed.